UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THEODIS BROWN, SR., )
 )
 Plaintiff, )
 )
 v. ) No. 4:05-CV-1450-CAS
 )
MISSOURI STATE GOVERNMENT, )
MISSOURI STATE PERSONNEL DIRECTOR, )
and MISSOURI PERSONNEL ADVISOR BOARD )
MEMBERS, )
 )
 Defendants. )

## ORDER AND MEMORANDUM

This matter is before the Court for review pursuant to 28 U.S.C. § 1915(e)(2)(B); plaintiff has submitted his Right-to-Sue letter [Doc. #6] in accordance with this Court's Order of November 1, 2005 [Doc. #5].

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. The named defendants are Missouri State Government, Missouri State Personnel Director, and Missouri Personnel Advisor Board Members. Plaintiff alleges that "racist rico government employees illegal in office denied [him his] legal lawful valid collaterials [sic] source benefits as retired state government official who was due to being set up by rico violators in plots to get [him] to retire early before final wc cases." Plaintiff states that he is a "retiree [who] left his state job due to hostle [sic] work environment" which "cause[d] him to submit[] his early retirement papers . . . to begin [drawing] his early state pension while awaiting his final compensation benefits under chapter 287.780

2

[Mo.Rev.Stat.]"[1]  Plaintiff further states that his "official date of retirement" was "2/1/04," and that defendants' actions which form the basis of the instant action occurred on or about "June, July, Aug[.] 2005."

**Discussion**

Title VII imposes liability on an employer who engages in certain discriminatory practices because of an individual's race, color, religion, sex, or national origin.  Although plaintiff has submitted the instant action on a court-provided form complaint entitled "Complaint Under Title VII of the Civil Rights Act of 1964," the essence of his claims is that he did not receive full workers' compensation benefits under Mo.Rev.Stat. § 287.780.[2]  As such, the complaint does not state a claim under Title VII.

To the extent that plaintiff is seeking compensatory and punitive damages arising out the denial of workers' compensation

---

[1] Section 287.780 provides:

> No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his rights under this chapter [the Missouri Workers' Compensation Law, Mo.Rev.Stat. § 287.010-.975].  Any employee who has been discharged or discriminated against shall have a civil action for damages against his employer.

[2] On page four of the complaint, plaintiff states, in his own words, that "his state job failed refused to pay him his worker comp by law and failed refused to pay his medical bills fail to have given his state required medical rating for his final pension if adm law judge awards him his final awards as injured state officer pl 94-430 thus an exception to the employee at will doctrine principles of public policy."

3

benefits under the Missouri Workers' Compensation Law, in violation of Mo.Rev.Stat. § 287.780, the Court finds that plaintiff's claims are within "the exclusive original jurisdiction of the Division [of Workers' Compensation." <u>Phillips v. Ford Motor Co.</u>, 83 F.3d 235, 240 (8th Cir. 1996).

Last, plaintiff's assertion that defendants violated Missouri statutory law does not amount to a § 1983 claim. <u>See</u> <u>Bagley v. Rogerson</u>, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983). For these reasons, the complaint is legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 22nd day of November, 2005.

_____
**UNITED STATES DISTRICT JUDGE**